MICHAEL BAILEY
United States Attorney
District of Arizona
GARY M. RESTAINO
Arizona State Bar No. 017450
Email: gary.restaino@usdoj.gov
JAMES R. KNAPP
Arizona State Bar No. 021166
Email: james.knapp2@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Kevin Scott Wynn, <br><br> Defendant. | CR-18-1649-PHX-SMB <br><br> **NOTICE OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE** |

The United States notifies Defendant Kevin Scott Wynn that it intends to introduce at trial, in its case in chief, evidence relating to Wynn's selective compliance with the tax laws. As argued below, this evidence is inextricably intertwined with Wynn's charged conduct, and to the extent this evidence even implicates Rule 404(b), it is probative of Wynn's intent, knowledge, and willfulness for the charged crimes.

**I.    Factual Background**

As alleged in the Indictment, Wynn used nominee bank accounts to hide money from the IRS and evade roughly $275,000 in assessed taxes and penalties for 1999, 2000, and 2002. He also failed to file income tax returns for tax years 2011, 2012, and 2013 despite receiving millions of dollars in gross receipts, resulting in estimated unpaid taxes of more than $400,000 for those years. Wynn is charged with one count of evading the

payment of federal income taxes in violation of 26 U.S.C. § 7201 and three counts of failing to file income tax returns in violation of 26 U.S.C. § 7203.

The discovery provided to defense includes evidence of Wynn's tax history, including the following:

- Wynn's payment of federal employment taxes during the relevant period, despite his failure to pay personal income tax.
- Wynn's filing of federal income tax returns and payment of federal income taxes before 1995, and failure to file any tax returns or pay income taxes for subsequent years.
- Wynn's failure to file a federal income tax return or pay income taxes in 2010, despite claiming in a loan application to purchase a BMW that he earned $65,000 in monthly income.
- Wynn's payment of a prior federal income tax lien from 1985, in contrast to his failure to pay IRS tax liens relating to tax years 1999, 2000, and 2002.
- Wynn's payment of property taxes in Apache County and Maricopa County, despite his failure to pay personal income tax.
- Wynn's use of prepared 2005 and 2006 income tax returns to refinance his mortgage, and his choice to not file those income tax returns with the IRS or pay the taxes due and owing.

**II. Law and Argument**

    A. <u>Wynn's tax history is inextricably intertwined with the underlying offense and is therefore exempt from Rule 404(b) requirements.</u>

Where the evidence is "inextricably intertwined" with the underlying offense, it is not considered "other act" evidence and need not meet the Rule 404(b) requirements. *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016) (citing *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). This exemption to Rule 404(b) is made when the evidence is either (1) part of a "single criminal transaction" or (2) "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of

the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Wynn's tax history fulfills the second purpose and should be "admitted without regard to 404(b)." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). As applied to offenses similar to Wynn's, courts in this Circuit have found the income reported on defendants' loan applications to be admitted because they allowed the prosecutor to complete the narrative that the defendants were filing false tax returns. *United States v. Meili Lin*, 326 F.R.D. 214, 217-221 (N.D. Cal. 2018). Wynn's selective tax payments and inconsistent income reports on loan applications likewise complete the narrative of his federal income tax violations.

  B. <u>Even if the evidence was not inextricably intertwined, Wynn's tax history would also be admissible under Rule 404(b).</u>

Rule 404(b) allows the United States to introduce evidence of "other crimes, wrongs, or acts" committed by a defendant, so long as the evidence is not used merely to show propensity:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

The Ninth Circuit has specified that "Rule 404(b) is a rule of inclusion." *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985). "Thus, evidence of past wrongful acts is admissible if it is relevant to an issue other than the defendant's character or criminal propensity." *Id.* Put another way, "[u]nless the evidence of other crimes tends only to prove propensity, it is admissible." *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996). Factors bearing on the admissibility of evidence under Rule 404(b) include "whether the evidence proves a material element of the offense charged, whether it is similar to the offense charged, whether there is sufficient evidence of the prior conduct and temporal proximity." *Id.*

Here, Wynn's selective compliance with the federal tax laws is probative of his knowledge, intent, and willfulness. Evidence showing that Wynn filed income tax returns

prior to 1985, paid off a prior federal tax lien, continues to file and pay federal unemployment taxes, and pays property taxes undercuts his anticipated defense that he misunderstood his tax obligations. Similarly, evidence showing that he prepared 2005 and 2006 federal income tax returns to fool his mortgage lender but chose not to file the income tax returns with the IRS shows that he knows of his obligation to prepare and file income tax returns, that he knows how to prepare a return, and that his failure to file tax returns and pay his assessed federal income taxes is knowing and willful.

Courts have consistently held that evidence of a defendant's tax history is probative of willfulness. *See, e.g., United States v. Daraio*, 445 F.3d 253, 264-65 (3d Cir. 2006) (holding that evidence of defendant's prior non-compliance with tax laws is admissible in tax evasion prosecution to show willfulness); *United States v. Bergman,* 813 F.2d 1027, 1029 (9th Cir. 1987) (holding that filing false W-4s in prior years was "highly probative of Bergman's willful scheme of evading federal income tax laws."); *United States v. Upton*, 799 F.2d 432, 433 (8th Cir. 1986) ("Evidence of Upton's questionable compliance with tax laws, both in the years prior to and subsequent to [the tax years alleged in the indictment], is probative of willfulness in the present context."); *United States v. Grumka*, 728 F.2d 794, 797 (6th Cir. 1984) (holding that "proper tax returns" filed before the charged years were admissible: "A defendant's prior taxpaying history is competent evidence to establish 'willfulness'").

Finally, the probative value of the evidence being offered outweighs any potential prejudicial value. Rule 403 requires that the probative value of the evidence not be "substantially outweighed by a danger of . . . unfair prejudice." Here, the evidence is highly probative to the material elements of the crime, and the prejudicial value is low as the evidence being offered is unlikely to "provoke a strong and unfairly prejudicial emotional response from the jury." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992) (addressing 404(b) evidence in alien smuggling prosecution).

Thus, to the extent the evidence even implicates Rule 404(b), it is admissible.

**III. Conclusion**

Accordingly, evidence relating to Wynn's selective compliance with the tax laws should be admitted at trial. As argued above, to the extent the evidence even implicates Rule 404(b), it is probative of Wynn's intent, knowledge, and willfulness for the charged crimes.

Respectfully submitted this 29th day of July, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

 *s/ James R. Knapp*
GARY M. RESTAINO
JAMES R. KNAPP
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Robert E Barnes,
*Attorney for Defendant*

 *s/Cristina Abramo*
U.S. Attorney's Office