Robert E. Barnes
Barnes Law, LLP
601 S. Figueroa St., Ste. 4050
Los Angeles, CA 90017
Tel: (310) 510-6211/ Fax: (310) 510-6225
E-mail: robertbarnes@barneslawllp.com

Attorney (*Pro Hac Vice*) for Defendant
Kevin Scott Wynn

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America | ) | CR-18-01649-PHX-SMB (BSB) |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **PROPOSED VOIR DIRE IN** |
| vs. | ) | **QUESTIOINNAIRE FORM** |
| | ) | |
| Kevin Scott Wynn, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW Defendant KEVIN SCOTT WYNN (hereinafter "WYNN"), by and through his undersigned attorney of record, Attorney Robert E. Barnes, and respectfully requests this Court make the following voir dire of the jury panel, maintaining the request be in written questionnaire format, and, alternatively, if no such questionnaire is propounded, then orally to the panel. A written questionnaire would aid the parties and the jury in expediting voir dire and that remains the reason for the request.

**General Instructions:**

The questions on this form are asked to help the Court and the attorneys learn about your views on issues that may be related to this case. Its use will expedite the process of selecting a jury. The questions are not meant to invade your privacy, but to help select the best possible jury for this case. If there is any reason why you might not be able to give both sides a fair trial in this case, it is important to say so. Please answer each question as fully as you can. Your complete honesty is essential. Because the questionnaire is part of the jury selection process, the questionnaires are to be answered under your oath as a prospective juror to tell the truth. If a question does not apply to you in any way, write N/A (Not Applicable), rather than leave the question blank.

Please keep in mind that there are no right or wrong answers, only complete and incomplete answers. If you do not understand a question, need more space for your response, or wish to make further comments about any question, please use the extra sheet attached to the back of the questionnaire. You are instructed not to discuss this case or questionnaire with anyone, including your family or fellow jurors. It is important that your answers be your own. The case for which you are being questioned is United States of America v. Kevin Wynn In this case the government indicted the defendant with willfully failing to file tax returns. Of course, an indictment is not evidence of guilt. Kevin Wynn is entitled to a presumption of innocence.

In order to make the most benefit of your time and the time of the participants, as well as to protect the right to a fair trial, the court has directed that this juror questionnaire be sent to you.

Thank you for your cooperation.

Juror No. _____

# JUROR QUESTIONNAIRE
## (Please PRINT your answers in INK)

## JUROR'S OATH:

I declare under penalty of perjury that the information which I have provided in this juror questionnaire and any attachments is true and correct. I further declare that I have completed this questionnaire without anyone's assistance.

Juror NAME        _____

Date              _____

**HARDSHIP QUESTION**

The Court and the parties estimate that the trial in this case will last approximately three weeks. Jurors will be paid an attendance fee of $40.00 per day for the first thirty (30) days of trial, and $50.00 per day thereafter. Your transportation costs will be reimbursed.

Jury service is one of the highest duties and privileges of a citizen. The participation of people like you is essential to the proper administration of justice. The Court recognizes that not everyone can serve on a case of this length. However, mere inconvenience or the usual financial hardships of jury service will not be enough to excuse you. You must show that service in this case would cause an unacceptable amount of personal hardship.

Would you have a serious hardship if chosen for this case?

_____ YES, I would have a serious hardship if chosen for this case. Please answer the questions below, and fully explain your hardship. You must still complete the entire questionnaire.

_____ NO, I would not have a serious hardship if chosen for this case. Please move onto the next section of the questionnaire.

If YES, please explain the hardship, and list your current occupation. Describe the type of job and business without giving details of your employer's name or address. For example, simply list "receptionist, "business executive", "school teacher" or "self-employed/freelance". If you are retired or unemployed, please indicate that fact and list your previous occupation. Please write legibly.


Occupation: _____
** Please do not list the name of your employer.

Age: _____ Sex: _____

Are you self-employed? _____ Are you retired? _____

Will you be paid a salary while you serve jury duty? _____

What is your hardship? _____

What arrangements can you make to alleviate your hardship?

**HEALTH/MEDICAL CONCERNS**

1.      Do you have any problem with your hearing or vision that would make it difficult for you to serve as a juror?

2.      Do you have any medical condition that would make it difficult for you to serve as a juror on this case?

       If Yes, state the condition(s):

3.      Are you taking any prescription medication that may interfere with your ability to concentrate or serve as a juror in any way?

4.      Is there anything the Court should know about your ability to concentrate for long periods of time?

       If yes, please explain:

5.      Have you had any problems or concerns about your ability to remember complex information?

       If yes, please explain:

**BACKGROUND INFORMATION**

6.      What is your place of birth?  (Please list only the **city and state**, and, if outside the United States, the country.)

7.      What is your marital status?

8.      Where do you reside?

   (a)  How long have you lived in this area?

   (b)  What other places have you lived?

9.      What is your employment status?

   (a)  Without telling us the name of your employer (or if self-employed), what kind of work do you do?

   (b)  If retired or unemployed, what was your primary vocation?

   (c)  Have you ever been self-employed or run your own business? If so, what?

(d) If homemaker or student, please tell us what jobs outside the home (if any) you have had in the past:

10.    What other jobs have you held as an adult?

11.    If you have ever been married, list your spouse's and/or former spouse's most recent type of work:

12.    What is the highest grade of schooling you have completed?

What was your major area of study? Did you obtain a degree?

13.    Have you ever served in the military?

Branch and highest rank:

**PRIOR EXPERIENCE WITH LAW ENFORCEMENT**

14.    Have you ever served on a jury?

If so, was it criminal or civil?

Did you reach a verdict?

Were you the jury foreperson?

Was there anything about your jury experience that would make it difficult to serve again?

15.    What are your feelings about law enforcement or the criminal justice system?

16.    Have you or anyone close to you ever had an experience involving the police, FBI, or any other law enforcement agency, including being interviewed by or making a report to a law enforcement officer?

If Yes, please explain:

Was your overall experience positive, negative or mixed:

17.    Do you believe a law enforcement officer is more likely to tell the truth than a person accused of a crime?

18.     Have you or anyone close to you ever been arrested, charged or convicted for a crime other than a traffic ticket?

If Yes, please explain who (relation to you), when, nature of the charge and circumstances:

19.     Have you or has a family member or close friend ever been falsely accused of a crime?

If Yes, please explain:

(a) Were you satisfied with the outcome?  Please explain:

**PRIOR WORK EXPERIENCE**

20.     Have you or anyone close to you worked for, applied to or had training with any of the following:

(a) Any law enforcement, security or investigative agency, including but not limited to the FBI, CIA, INS, IRS, Department of the Treasury or the Department of Justice?

.      (b) A prison, jail, detention center or probation services?

(c) Any city or town attorney, Attorney General, state or federal prosecutor, or

court?

(d) Any accounting, banking, financial institutions?

(e) Any newspaper, radio, television, or other media outlet?

21.     Have you ever taken courses in school that concerned accounting or taxes?

If so, what were those courses or programs?

22.     Have you ever worked in an accounting office or prepared tax returns for others?

23.     Do you prepare your own returns?

24.     Do you have professionals prepare returns for you?

## BELIEFS & TRIAL ISSUES

25.     Do you believe that because you paid taxes and filed returns, a defendant is guilty in a criminal case if they owe taxes or did not file returns, regardless of whether they acted in good faith or not?

26.    a) Do you believe you can follow my instructions on the law even if it means convicting a person of a crime whose beliefs you agree with?

    b) Similarly, do you believe you can follow my instructions on the law even if it means acquitting a person whose beliefs you disagree with?

27.    What do you think about people who question authority?

28.    What do you think about people who do not go along with conventional wisdom?

29.    What do you think about people who challenge the government?

30.    What do you think about the income tax system?

31.    What do you think about people accused of cheating on their taxes?

32.    What do you think about the IRS?

33.    Is it possible for someone to believe in good faith they do not have to pay the income tax?

34.   Is it possible for someone to believe in good faith that placing business income in a trust can reduce their tax liability as much as 90%?

35.   Is there any particular reason you would like to be a juror in this case?

36.   Conversely, is there any particular reason you would not like to be a juror in this case?

37.   Is there any matter that we have not covered that we should know that could possibly affect your ability to be fair and impartial to both sides?

38.   Is there any reason you can think of that you could not be completely fair and impartial to either the Government or the defendant in this case?

    If Yes, please explain:

39.   If you sat in the seat of the defendant, would you want a juror with your current mind set to decide your fate? If you sat in the seat of the government, would you want a juror with your current mind set to decide the fate of the defendant?

40.   Under the United States Constitution, a person accused of a crime does not have to testify in his defense, and his silence may not be used against him.  What are your feelings about that?

41.     Is it possible for someone to believe in good faith they do not have to file a 1040 form or not pay federal income tax?

## CONCLUSION

This right to meaningful and probing voir dire has ancient roots.  Indeed, "the constitution of juries is a very essential part of the protection such a mode of trial is intended to secure.  The very idea of a jury is a body of men composed of the peers or equals of the person whose rights it is selected or summoned to determine;  that is, of his neighbors, fellows, associates, persons having the same legal status in society as that which he holds. Blackstone, in his Commentaries, says, 'The right of trial by jury, or the country, is a trial by the peers of every Englishman, and is the grand bulwark of his liberties, and is secured to him by the Great Charter.'  It is also guarded by statutory enactments intended to make impossible what Mr. Bentham called 'packing juries.'  It is well known that prejudices often exist against particular classes in the community, which sway the judgment of jurors, and which, therefore, operate in some cases to deny to persons of those classes the full enjoyment of that protection which others enjoy. Prejudice in a local community is held to be a reason for a change."  *Strauder v. State of West Virginia*, 100 U.S. 303, 308-09 (1880).

WHEREFORE, for all of the foregoing reasons, WYNN respectfully seeks the Court provide prospective jurors the written questionnaire provided herein to protect the rights of all participants to a fair trial by impartial jurors and economize time and efforts of the participants.

DATED: November 13, 2019

By:     /s/ Robert E. Barnes
        ROBERT E. BARNES
        Counsel for Kevin Scott Wynn

        Barnes Law, LLP
        601 S. Figueroa St., Ste. 4050

14

Los Angeles, CA 90017
Tel: (310) 510-6211/ Fax: (310) 510-6225
E-mail: robertbarnes@barneslawllp.com